IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:                                    )   Chapter 7
                                          )
LIMA FOOD PRODUCTS, INC.,                 )   Case No. 06 B 12071
                                          )
                    Debtor.               )   Honorable Timothy A. Barnes
                                          )


**COVER SHEET FOR SECOND AND FINAL APPLICATION OF
FRANKGECKER LLP FOR ALLOWANCE OF COMPENSATION AND EXPENSES**


Name of Applicant:                FrankGecker, LLP

Authorized to Provide             Frances F. Gecker, Chapter 7 Trustee of the Estate of
Professional Services to:         Lima Food Products, Inc.

Period for Which                  April 1, 2011 through January 31, 2014
Compensation is Sought:

Amount of Fees Sought:                  $7,153.00

Amount of Expense                     $  177.62
Reimbursement Sought:

This is a:                        Second and Final Application


The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered
and expenses incurred herein is: $39,390.25.


{LIMA/001/00032880.DOC/}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 06 B 12071 |
| | ) | |
| LIMA FOOD PRODUCTS, INC., | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Timothy A. Barnes |
| | ) | |
| | ) | **Hearing Date:**   **April 1, 2014** |
| | ) | **Hearing Time:**   **10:30 a.m.** |
| | ) | **Room:**           **613** |

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **April 1, 2014**, at **10:30 a.m.**, we shall appear before the Honorable Timothy A. Barnes, or such other judge as may be sitting in his stead, in Courtroom 613 at the Dirksen Federal Building, 219 South Dearborn Street, Chicago, Illinois 60604, and present the attached **Second and Final Application of FrankGecker LLP as Counsel to Frances Gecker, Chapter 7 Trustee of the Bankruptcy Estate of LIMA FOOD PRODUCTS, INC., for Compensation and Reimbursement of Expenses.**

Dated: February 25, 2014

Respectfully submitted,

FRANKGECKER LLP

By: _____ /s/ *Zane L. Zielinski* _____
One of its attorneys

Zane L. Zielinski (IL ARDC #6278776)
FRANKGECKER LLP
325 North LaSalle Street, Suite 625
Chicago, IL 60654
(312) 276-1400
(312) 276-0035 (fax)

{LIMA/001/00037399.DOCX/}

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 06 B 12071 |
| | ) | |
| LIMA FOOD PRODUCTS, INC., | ) | Chapter 7 |
| | ) | |
| | ) | Honorable Timothy A. Barnes |
| Debtor. | ) | |

### SECOND AND FINAL APPLICATION OF FRANKGECKER LLP
### AS COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF
### THE BANKRUPTCY ESTATE OF LIMA FOOD PRODUCTS, INC. FOR
### COMPENSATION AND REIMBURSEMENT OF EXPENSES

FrankGecker LLP, counsel to Frances Gecker, the Chapter 7 Trustee ("Trustee"), of the estate of Lima Food Products, Inc., (the "Debtor"), hereby submit this second and final application (the "Application") pursuant to 11 U.S.C. §§330, 331 and 507(a)(1) for legal services performed and expenses incurred during the period of April 1, 2011 through and including January 31, 2014 (the "Application Period"), as counsel to the Trustee. In support of this Application, FrankGecker LLP respectfully represents as follows:

### INTRODUCTION

1.      On September 25, 2006 (the "Petition Date") the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code ("Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

2.      Frances Gecker is the duly appointed Chapter 7 Trustee of this Case.

3.      Ms. Gecker chose FrankGecker LLP ("FG") as Trustee's counsel. On April 8, 2009, this Court entered an order authorizing Ms. Gecker to retain FG and Mr. Zielinski as her counsel, retroactive to July 2008.

4.      Counsel has received $39,390.25 in previously awarded compensation and reimbursement of expenses.

5.      Initially, the Trustee believed this to be a case without any assets.  The only potential asset was a judgment in the amount of $72,256.94 (the "Judgment") that had been filed against the property commonly known as 1045-1053 West Lake Street, Chicago, Illinois (the "Commercial Property").

6.      As the prior recorded liens against the Commercial Property appeared to be greater than the value of the Commercial Property, the Trustee did not expect to recover any funds for the Debtor's creditors.

7.      Nearly three years ago, the Trustee employed both FG and special counsel to pursue several avenues of collection regarding the Judgment.  The Trustee expected to recover between $10,000 to $20,000 due to certain surplus funds on deposit (the "Surplus Funds") in the Circuit Court of Cook County, Case No.  06 CH 27853 captioned *Fifth Third Bank, etc., v. Juan J. Valdez, et. al.* (the "Foreclosure Case").

8.      At the recommendation of Trustee's special counsel, the Trustee waived her rights to the Surplus Funds and sought a determination in the Foreclosure Case that the Trustee's interest in the Commercial Property had not been extinguished.

9.      In the Foreclosure Case, the judge ruled that the Trustee had not been properly served with a summons and complaint, and that the Trustee's interest in the Commercial Property had not been foreclosed.

10.     Thereafter, in supplemental collection proceedings in the Circuit Court of Cook County, Case No. 2005 L 22213, *Lima Food Products v. J. Valdez Meat Factory, et. al* (the

"Law Case"), the Trustee obtained title to the Commercial Property by successfully levying on the Commercial Property.[1]

11.    After obtaining ownership interest in the Commercial Property, the Trustee negotiated a sale of the property back to Edward Tunney, the previous owner, for $245,000 (the "Sale Proceeds"). At the same time, FG reviewed and evaluated additional offers to purchase the Trustee's interest in the Commercial Property. This included engaging with a commercial real estate broker. Ultimately, Edward Tunney's offer was the best overall offer, and the Trustee entered into an agreement with Mr. Tunney to buy back the Commercial Property.

12.    This second and final fee application involved extensive work in subpoenaing tax documents in order for the trustee's accountant to file the proper tax returns. The Internal Revenue Service did not review the trustee's request pursuant to section 505(b) of the Bankruptcy Code for prompt determination of tax liability of the estate until over a year later after several repeated requests from the Trustee and Trustee's accountant.

13.    This fee application seeks allowance of all fees and expenses incurred by FG from April 1, 2011 through and including January 31, 2014. To aid the Court in its review of this application, the Trustee's counsel has divided this application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

---

[1] Edward Tunney had six months to pay to the Trustee the full amount of the Judgment with interest. After six months, the Trustee exercised her right to redeem her levy interest in the Commercial Property for a sheriff's deed.

{LIMA/001/00032880.DOC/}

## I.   SERVICES PERFORMED

### A.   Administration                                                    $3,223.00

FrankGecker spent 9.60 hours at a cost of $3,223.00 on issues relating to the administration of the bankruptcy case including communications with Trustee's accountant, processing subpoenas for accounting documents and reviewing produced documents for tax purposes.

### B.   Claims                                                           $692.50

FrankGecker spent 2.10 hours at a cost of $692.50 relating to numerous conversations with creditors; reviewing filed claims and the review of potential disbursements issues to creditors.

### C.   Preparation of Fee Application – Retention of Professionals        $2,620.00

FrankGecker spent 8.00 hours at a cost of $2,620.00 on issues relating to drafting , filing and appearing in court on FG's first interim fee application; reviewing, filing and appearing in court on special counsel's fee application; and the review of trustee's accountant's fee application.  The total spent in preparing the first and second fee applications is approximately 6% of the total fees requested.

### D.   Settlement with Edward Tunney                                     $617.50

FrankGecker spent 1.80 hours at a cost of $617.50 on issues relating to the cancellation of the original promissory note, and tax issues involving the settlement.

## II.   ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE

Zane L. Zielinski (ZLZ) is an associate at FrankGecker LLP.  Mr. Zielinski is a 2002 graduate of Chicago-Kent College of Law, where he was a member of the Editorial Board of the Chicago-Kent Law Review and was elected to the Order of the Coif.  Mr. Zielinski specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases.

4

{LIMA/001/00032880.DOC/}

Reed Heiligman (RH) is an associate at FrankGecker LLP.  Mr. Heiligman is a 2007 graduate of John Marshal Law School.

## III.   CALCULATION OF TIME AND FEES

This is the Trustee's second and final Application for compensation and reimbursement of fees and expenses of FG.  This Application applies to fees and expenses incurred by FG from April 1, 2011 through January 31, 2014.  All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the case and were rendered for the benefit of the Trustee and the Debtor's estate.  No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached Exhibit A, FG's attorneys and paralegal have spent a total of 21.50 hours providing necessary legal services for the Trustee.  As a result, they request compensation in the amount of $7,153.00 for actual, necessary legal services performed (Exhibit A).  The average hourly rate is $332.70.  In addition, FG has expended the sum of $177.62 for actual necessary expenses incurred in representing the Trustee (Exhibit B).  FG has voluntarily written off all expenses related to fax and copying charges, only charging for off-site copying charges when incurred.

In preparing this Application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee.  The data used came directly from computer printouts of data which is kept by FrankGecker LLP on each of its clients.  The hourly rates charged are the regular hourly rates charged by the firm to its clients.  FG worked to avoid any duplication of effort, and in instances where more than one

5

attorney billed for a project, there was a need for multiple attorneys' involvement or the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, FG has prepared its time exhibits by topic as presented in the attached Exhibit A. For purposes of this Application, counsel has used four categories. Most of these categories are substantive. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

FG does not bill its clients or seek compensation in this Application for its overhead expenses, including word processing, computer research charges, fax charges, phone charges or secretarial overtime, instead, such expenses are factored into FG's normal and customary rate.

No compensation has been promised to FG, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, FrankGecker LLP respectfully requests that this Court enter an Order:

A.     Allowing FrankGecker LLP compensation for actual, necessary legal services in the amount of $7,153.00;

B.     Allowing FrankGecker LLP reimbursement of actual, necessary expenses in the amount of $177.62; and

6

C.    Authorizing the Trustee to pay FrankGecker LLP compensation and expense

reimbursement in the total amount of $7,330.62.

Dated:   January 31, 2014

Respectfully submitted,

FRANCES GECKER, not individually but as
Chapter 7 Trustee of the bankruptcy estate of
LIMA FOOD PRODUCTS, INC.

By:___/s/____Zane L. Zielinski_____
One of her attorneys

Zane L. Zielinski (IL ARDC #6278776)
FrankGecker LLP
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60610
Tel.:  (312) 276-1400
Fax:  (312) 276-0035

7